**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| **GENSETIX, INC.,** | |
| **Plaintiff,** | |
| **and** | Civil Action No. 4:17-cv-01025 |
| **THE BOARD OF REGENTS OF THE UNIVERSITY OF TEXAS SYSTEM,** | |
| **Involuntary Plaintiff,** | **JURY TRIAL DEMANDED** |
| **v.** | |
| **BAYLOR COLLEGE OF MEDICINE, DIAKONOS RESEARCH, LTD., and WILLIAM K. DECKER,** | |
| **Defendants.** | |

**DEFENDANT BAYLOR COLLEGE OF MEDICINE'S SUPPLEMENTAL REPLY IN
SUPPORT OF ITS MOTION TO DISMISS GENSETIX, INC.'S FIRST AMENDED
COMPLAINT**

## I.    INTRODUCTION

Defendant Baylor College of Medicine ("BCM") files this supplemental reply in support of its motion to dismiss (Dkt. No. 36) to respond to certain arguments raised by Plaintiff Gensetix, Inc. ("Gensetix") in its opposition to Involuntary Plaintiff University of Texas's ("UT") motion to dismiss (Dkt. No. 63) that are relevant to BCM's motion to dismiss, specifically regarding misjoinder and sovereign immunity of UT.  This supplemental reply also provides notice to the Court of additional precedent on that issue, *Hartley Co. v. JF Acquisition, LLC*, No. 3:15-cv-94, 2017 WL 1628529 (S.D. Ohio May 1, 2017), which BCM discovered after submitting its reply in support of its motion to dismiss.  *Hartley* raised the exact issue presented in this case—namely, whether a sovereign entity can be joined as an involuntary plaintiff—and the district court correctly concluded that it cannot.

## II.    ARGUMENT

### A.    Gensetix's argument that sovereign immunity does not apply because there are "no claims against" UT ignores the very purpose of the Eleventh Amendment recognized by the Supreme Court.

Gensetix argues in its most recent brief that because "there is nothing for UT to assert a sovereign immunity ***defense*** against," sovereign immunity does not protect UT from being joined as an involuntary plaintiff.  Dkt. No. 63 at 3, 7 (emphasis in original).  However, Gensetix's restrictive, so-called "plain words" interpretation of the Eleventh Amendment— requiring that a claim be brought directly against UT for it to assert its sovereign immunity—has been expressly rejected by the Eighth Circuit.  *See Thomas v. FAG Bearings Corp.*, 50 F.3d 502, 505 (8th Cir. 1995).  Analyzing Supreme Court precedent, the Eighth Circuit concluded in *Thomas v. FAG Bearings Corp.* that "[a] suit is ***against*** the state" within the meaning of the Eleventh Amendment "if the effect of the judgment would be 'to restrain the Government from acting, or ***to compel it to act*.'"  *Id.* at 505 (quoting *Pennhurst State Sch. & Hosp. v. Halderman*,

465 U.S. 89, 101 n. 11 (1984) (internal quotation marks and citations omitted)) (emphasis added).  Involuntary joinder of UT to this suit would do just that.  It would compel UT to act by bringing suit against BCM and the other defendants at a time and placed dictated by Gensetix and the Court without UT's consent.  *See id.* at 505 (denying involuntary joinder of a sovereign entity because it would "compel [the sovereign entity] to act by forcing it to prosecute [the defendant] at a time and place dictated by the federal courts").  It also would place the scope and validity of UT's patents at risk, forcing UT to act to defend its rights in those patents or else leave the fate of those rights entirely in Gensetix's hands.

The Eighth Circuit recognized that such coercive joinder advocated by Gensetix "undermines the two aims of the Eleventh Amendment:  protection for the state's autonomy and protection for its pocketbook."  *Id.* at 506.  UT's status as a plaintiff or a defendant is immaterial to the applicability of these protections afforded by the Eleventh Amendment.  As the Eighth Circuit recognized, "concern and respect for state sovereignty are implicated whenever a state is involuntarily subjected to an action, ***regardless of the role it is forced to play in the litigation***."  *Id.* (emphasis added).

In *Hartley Co. v. JF Acquisition, LLC*,  the district court agreed, holding that "joinder of [a sovereign entity] by this Court, ***even as an involuntary plaintiff***, is not proper, because the Eleventh Amendment to the United States Constitution prohibits the Court from exercising ***any authority*** over [the sovereign entity] absent [the entity's] consent."  *Hartley*, 2017 WL 1628529 at *1, 4 (emphasis added) (citing *Thomas*, 50 F.3d at 506-07) (finding an Ohio state board having indemnification and subrogation rights was a required and necessary party to plaintiff's claims for liability related to an underground storage tank leak and dismissing plaintiff's claims because joinder of the Ohio state board as an involuntary plaintiff was prohibited by the Eleventh

Amendment).  And it did so despite there being "no risk of an adverse judgment being entered against" the sovereign entity.  *Id.* at *4.  This Court has even more reason to prohibit the involuntary joinder of UT—as even Gensetix acknowledges, there is a significant risk of an adverse, binding judgment being entered against UT regarding its patent rights.  *See* Dkt. No. 63 at 11; *see also* Dkt. No. 53 at 16.

Furthermore, the *Hartley* court expressly distinguished the only case on which Gensetix relies to support its position on this issue, *Regents of the Univ. of Cal. v. Eli Lilly & Co.*, 119 F.3d 1559 (Fed. Cir. 1997).  *See Hartley*, 2017 WL 1628529 at *4.  The *Hartley* court recognized—as have both BCM and UT—that "because the state[] had initiated litigation" in *Eli Lilly*, it "could not use the Eleventh Amendment to bar defendant['s] proper exercise of [its] right to . . . petition to transfer."  *Id.*; *see also* Dkt. No. 53 at 15; Dkt. No. 64 at 7.  But *Eli Lilly* does not "suggest[] that a state can be compelled to litigate, in a District Court, a lawsuit which it neither initiated nor agreed to participate in."  *Hartley*, 2017 WL 1628529 at *4.

Accordingly, UT is entitled to sovereign immunity as an involuntary plaintiff because joining it to this suit involuntarily would compel it to act and subject it to the risk of an adverse judgment without its consent.  That makes UT a required party under Rule 19(a) whose joinder is not feasible.  For the reasons provided in BCM's motion to dismiss and its reply in support thereof, UT also is a necessary party under Rule 19(b).  Thus, this Court should dismiss the First and Second Counts of Gensetix's First Amended Complaint under Rule 12(b)(7) and dismiss or decline to exercise supplemental jurisdiction over Gensetix's remaining state law claims.

**B.     Involuntary joinder of UT raises new issues for the Court to consider.**

Even if this Court were to decide, contrary to the well-supported and sound logic of the Eighth Circuit, that UT is not entitled to sovereign immunity as an involuntary plaintiff, the issues related to UT's sovereign immunity would not be resolved.  As UT pointed out, "it is

common for defendants in a patent case to raise challenges to the validity of the asserted patents." Dkt. No. 64 at 4.  Such challenges often take the form of counterclaims.  If the Court were to permit Gensetix's patent infringement claims to proceed, it is highly likely that BCM or the other defendants may wish to assert patent-related counterclaims against Gensetix and UT. Indeed, the Federal Circuit has recognized that even a plaintiff entitled to sovereign immunity "can surely anticipate that a defendant will have to file any compulsory counterclaims or be forever barred from doing so." *Regents of the Univ. of New Mexico v. Knight*, 321 F.3d 1111, 1125 (Fed. Cir. 2003) (finding that a sovereign entity who files suit waives immunity from compulsory counterclaims).  But under Gensetix's logic, such compulsory counterclaims ***against*** UT would be precluded by its sovereign immunity, which would clearly prejudice the defendants' ability to fully litigate the patent disputes in this case.

Thus, involuntary joinder of UT would leave the Court with two troubling alternatives— either (1) permit Gensetix to unfairly use UT's sovereign immunity as both sword and shield, reaping the benefits of asserting its patent infringement claims while precluding the defendants from litigating compulsory counterclaims against UT as the patent owner, or (2) subject UT and its patent rights to the defendants' counterclaims despite it never consenting to the lawsuit, likely violating its sovereign immunity.[1]  Enforcing UT's sovereign immunity as an involuntary plaintiff and dismissing it from the case, as have other courts in this situation, is the only way to avoid this dilemma.

---

[1] The same is true if the Court permits Gensetix to add UT as a party in name (*see* Dkt. No. 63 at 11) or otherwise proceed without UT under Rule 19(b).  Neither option comports with the "equity and good conscience" requirement of Rule 19(b).

### III.   CONCLUSION

For all the reasons discussed above and in its motion and reply in support thereof, BCM respectfully requests that the Court find that UT is a required and necessary party under Rule 19 and dismiss the First and Second Counts of Gensetix's First Amended Complaint under Rule 12(b)(7) with prejudice, given that UT has refused to voluntarily join the suit based on its sovereign immunity.   BCM further requests that the Court dismiss or decline to exercise supplemental jurisdiction over Gensetix's remaining state law claims.

Dated:  December 20, 2017

*Of Counsel*:
Elizabeth D. Flannery
Texas Bar No. 24045815
Amy Pharr Hefley
Texas Bar No. 24046046
Lindsay Volpenhein Cutié
Texas Bar No. 24093305
**BAKER BOTTS L.L.P.**
One Shell Plaza
910 Louisiana St.
Houston, TX 77002
liz.flannery@bakerbotts.com
amy.hefley@bakerbotts.com
lindsay.volpenhein@bakerbotts.com

Jeff Gritton
Texas Bar No. 24074321
**BAKER BOTTS L.L.P.**
98 San Jacinto Blvd, Suite 1500
Austin, Texas 78701
jeff.gritton@bakerbotts.com

Respectfully submitted,

**BAKER BOTTS L.L.P.**

By: */s/ Paul R. Morico*
   Paul R. Morico
   *Attorney-In-Charge*
   Texas Bar No. 00792053
   One Shell Plaza
   910 Louisiana Street
   Houston, Texas 77002
   Tel.:  (713) 229-1732
   Fax:  (713) 229-7732
   paul.morico@bakerbotts.com

COUNSEL  FOR DEFENDANT
BAYLOR COLLEGE OF MEDICINE

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on this 20th day of December, 2017, I electronically filed the foregoing document with the Clerk of Court using CM/ECF which will send notification of such filing to all counsel of record.

*/s/ Paul R. Morico*
Paul R. Morico
