IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

|  |  |
|---|---|
| GENSETIX, INC.,<br><br>               Plaintiff,<br>and<br><br>THE BOARD OF REGENTS OF THE<br>UNIVERSITY OF TEXAS SYSTEM,<br><br>          Involuntary Plaintiff,<br><br>       v.<br><br>BAYLOR COLLEGE OF MEDICINE,<br>DIAKONOS RESEARCH, LTD.,<br>and WILLIAM K. DECKER,<br><br>         Defendants. | Civil Action No. 4:17-cv-01025<br><br>JURY TRIAL DEMANDED |

**JOINT REPORT OF THE MEETING AND JOINT DISCOVERY/CASE
MANAGEMENT PLAN UNDER FEDERAL RULE OF CIVIL PROCEDURE 26(f)**

Pursuant to Federal Rule of Civil Procedure 26(f), Gensetix, Inc., the Board of Regents of

the University of Texas System, Baylor College of Medicine, Diakonos Research, Ltd., and

William K. Decker submit the following report:

1. **State where and when the meeting of the parties required by Rule 26(f) was held, and
   identify the counsel who attended for each party.**

   The parties met by teleconference on March 27, 2018.  Sarah Spires and Christopher

Bruno attended on behalf of Plaintiff Gensetix, Inc.; Peter Mims and Trey Hebert, III attended on

behalf of Involuntary Plaintiff The Board of Regents of the University of Texas System ("UT");

Paul Morico and Amy Hefley attended on behalf of Defendant Baylor College of Medicine

("BCM"); Gordon Arnold attended on behalf of Diakonos Research, Ltd. ("Diakonos"); and

Robin O'Neil attended on behalf of Defendant William K. Decker ("Dr. Decker") (BCM,

Diakonos, and Dr. Decker collectively, "Defendants").

**2. List the cases related to this one that are pending in any state or federal court with the case number and court.**

    None.

**3. Specify the allegation of federal jurisdiction.**

    Gensetix alleges that this Court has subject-matter jurisdiction over this action pursuant

to 28 U.S.C. §§ 1331 and 1338(a). Gensetix alleges federal question jurisdiction for patent

infringement, under Title 35, U.S.C. § 101, et seq., and supplemental jurisdiction for other

related causes of action which arise from substantially the same transactions and occurrences.

**4. Name the parties who disagree and the reasons.**

    UT contends that the Court lacks subject matter jurisdiction over UT because UT is a

sovereign state entity under Texas law and under the Eleventh Amendment to the U.S.

Constitution. This is addressed in UT's pending motion based on sovereign immunity,

Involuntary Plaintiff The Board of Regents of the University of Texas System's Motion to

Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) (Dkt. 62) ("UT's Motion to Dismiss").

    Defendants do not dispute that this Court would have federal question jurisdiction over

Gensetix's patent infringement claims and supplemental jurisdiction over Gensetix's state law

claims but for the fact that UT is a necessary and indispensable party to at least Gensetix's

claims of patent infringement and cannot be joined due to lack of jurisdiction and sovereign

immunity, all as outlined in Defendants' motions to dismiss and memoranda in support thereof.

Accordingly, for the reasons outlined in their respective motions to dismiss, Defendants seek

dismissal of the case.

**5. List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

<u>Gensetix's Statement:</u>

Gensetix has joined UT as an Involuntary Plaintiff in this action pursuant to Rule 19(a) of the Federal Rules of Civil Procedure.  The Regents' participation in this matter is the subject of Defendant BCM's Motion to Dismiss and Plaintiff Gensetix's Opposition, Defendant Diakonos's Motion to Dismiss and Plaintiff Gensetix's Opposition, and Involuntary Plaintiff UT's Motion to Dismiss and Plaintiff Gensetix's Opposition.  As stated in its papers, Gensetix does not believe that UT is a necessary party in this case, and in the alternative, believes that it can proceed in UT's name.

Gensetix does not foresee adding any further parties to the case.

<u>UT's Statement:</u>

UT does not agree that UT was joined under Rule 19(a) of the Federal Rules.  Instead of asking the Court to find that this was "a proper case" for an involuntary plaintiff, Gensetix unilaterally declared UT to be an involuntary plaintiff.

The Court lacks subject matter jurisdiction over UT because UT is a sovereign state entity under Texas law and under the Eleventh Amendment to the U.S. Constitution.  This is addressed in UT's pending motion based on sovereign immunity, UT's Motion to Dismiss.

<u>Defendants' Statement:</u>

As outlined in Defendants' motions to dismiss and memoranda in support thereof, Defendants believe that UT is a necessary and indispensable party to at least Gensetix's claims of patent infringement.  However, for the reasons outlined in BCM's and UT's motions to dismiss, Defendants believe that UT cannot be joined due to lack of jurisdiction and sovereign immunity.

**6. List anticipated interventions.**

     None.

**7. Describe class−action issues.**

     There are no class action issues.

**8. State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

     The parties have not yet made initial disclosures pursuant to Rule 26(a).

     <u>UT's Statement:</u>

     UT's position is that all discovery, including initial disclosures, should not take place until UT's Motion to Dismiss, Dkt. 62, is fully and finally resolved, including any appeal by UT under the collateral order doctrine. Pursuant to Rule 26(a)(1)(C), UT objects that initial disclosures are not appropriate in this action because of the pending UT's Motion to Dismiss. Thus, the Court should stay all discovery until the sovereign immunity issues in UT's Motion to Dismiss are fully and finally resolved, including any appeal by UT under the collateral order doctrine. It would be judicially inefficient to start discovery for some parties, but not others, and therefore, a stay of all discovery is appropriate.

     The law supports such a temporary stay. *See Bickford v. Boerne Independent School District.*, 5:15-CV-1146-DAE, 2016 WL 1430063, at *2 (W.D. Tex. Apr. 8, 2016) ("When balancing the harm produced by a temporary stay against the harm that could result if BISD is found to be immune from the instant suit, this Court finds that a temporary stay is appropriate."); *see also Williamson v. U.S. Dept. of Agriculture*, 815 F.2d 368, 382–83 (5th Cir. 1987) ("The district court acted properly in staying discovery in this case pending resolution of the immunity issues."); *Ramirez v. Abreo*, 2010 WL 11565430, at *5 (N.D. Tex. Jan. 20, 2010) ("[T]he Court

stayed the case and vacated all deadlines contained in the Court's initial scheduling order and in the Court's October 6 order addressing motions for qualified immunity until the Court resolved the pending motions to dismiss.").

In the alternative, UT asserts that a temporary stay of all discovery with respect to UT alone is proper until UT's Motion to Dismiss is fully and finally resolved, including any appeal by UT under the collateral order doctrine.

Defendants' Statement:

Defendants agree with UT that it would be judicially inefficient to start discovery for some parties, but not others, while the dispositive issue of whether Gensetix can proceed with its patent infringement claims (and thus, whether this lawsuit can proceed) without UT remains under review. Moreover, Defendants require discovery from UT to defend the claims; thus, Defendants would be materially prejudiced by a partial stay with respect to only UT.

Defendant Dr. Decker has separately requested a stay of all discovery pursuant to Section 27.003(c) of the Texas Civil Practice & Remedies Code, pending a ruling on his Motion to Dismiss Pursuant to the Texas Citizens' Participation Act (Dkt. 35), and Defendant BCM has joined that request.

For all of these reasons, Defendants agree with UT that a stay of all discovery, including initial disclosures, is appropriate. If the Court does not stay discovery, Defendants would agree to exchange initial disclosures on or before May 2, 2018.

Gensetix's Statement:

Gensetix agrees that UT should not be subject to discovery until it is determined to be a necessary party to this action. Gensetix disagrees that discovery should be stayed as to all other parties. The Federal Rules of Civil Procedure contemplate that discovery may continue while

motions to dismiss are pending, and Gensetix already once consented to move the scheduling conference, which in effect stayed discovery for months.  In addition, Section 27.003(c) of the Texas Civil Practice & Remedies Code does not mandate a stay of discovery because, as a state law inconsistent with the Federal Rules, it does not apply in federal court.

**9.   Describe the proposed agreed discovery plan, including:**

<u>Gensetix's Statement:</u>

Gensetix disagrees with UT's position and believes it is appropriate for the Court to enter a discovery plan.

<u>UT's Statement:</u>

A discovery plan is premature until the pending UT's Motion to Dismiss is fully and finally resolved, including any appeal by UT under the collateral order doctrine.

<u>Defendants' Statement:</u>

Defendants seek a stay of all discovery and agree with UT that a discovery plan is premature until the dispositive issue of whether Gensetix can proceed with its patent infringement claims (and, thus, whether the lawsuit can proceed) without UT is resolved. However, if the Court does not stay discovery and instead enters a scheduling order, then Defendants make the following statements with respect to a discovery plan.

**A.   Responses to all the matters raised in Rule 26(f).**

<u>Gensetix's Statement:</u>

Gensetix desires to exchange Rule 26(a) disclosures no later than May 2, 2018.  In addition, Gensetix believes that the discovery tools and timelines available under the Federal Rules of Civil Procedure will suffice.

UT's Statement:

UT has not agreed to provide Rule 26(a) initial disclosures as UT's position is it is immune from discovery.  Gensetix and Defendants agree that UT should not be subject to discovery at this time.  Once UT's Motion to Dismiss is fully and finally resolved, including any appeal by UT under the collateral order doctrine, the parties have agreed to cooperate to prepare a discovery plan.  In addition, at this time, the parties believe that the discovery tools and timelines available under the Federal Rules of Civil Procedure will suffice.

Defendants' Statement:

If the Court does not stay discovery and instead issues a scheduling order, then Defendants would agree to exchange Rule 26(a) disclosures no later than May 2, 2018. Defendants agree with Gensetix that the discovery tools and timelines available under the Federal Rules of Civil Procedure will suffice.

**(i) Rule 26(f)(3)(A) – What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement as to when disclosures under Rule 26(a)(1) were made or will be made.**

See response to number 9(a) above.

**(ii) Rule 26(f)(3)(B) – The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused upon particular issues.**

Gensetix's Statement:

Gensetix may need discovery concerning all subjects relevant to and discoverable regarding its claims in its Complaint.

Gensetix believes that discovery should be conducted in phases according to this Court's Proposed Patent Case Scheduling Order, that fact discovery can be completed by April 4, 2019, and that expert discovery can be completed by July 1, 2019.

UT's Statement:

UT is immune from suit as set forth in UT's Motion to Dismiss, Dkt. 62.  According to

UT, the Court should stay all discovery and the setting of a discovery schedule until UT's

Motion to Dismiss is fully and finally resolved.  Once UT's Motion to Dismiss is fully and

finally resolved, including any appeal by UT under the collateral order doctrine, the parties have

agreed to cooperate to prepare a discovery plan.

Defendants' Statement:

Defendants may need discovery concerning all subjects relevant to Gensetix's claims in

its Complaint and their defenses thereto, including but not limited to the defenses outlined in

Defendants' motions to dismiss.

Defendants agree with Gensetix that discovery should be conducted in phases according

to this Court's Proposed Patent Case Scheduling Order.

If the Court does not stay discovery and instead issues a scheduling order, then

Defendants agree that fact discovery can be completed by April 4, 2019 and that expert

discovery can be completed by July 1, 2019, with the caveat that those deadlines may need to be

adjusted depending on when the dispositive issue of whether Gensetix can proceed with its

patent infringement claims (and, thus, whether this lawsuit can proceed) without UT is resolved.

**(iii) Rule 26(f)(3)(C) – Any issues relating to disclosure or discovery of electronically stored information, including the form or forms in which it should be produced.**

Gensetix's and Defendants' Statement:

Gensetix and Defendants intend to execute a protocol regarding electronically stored

information.

UT's Statement:

UT is immune from suit as set forth in UT's Motion to Dismiss, Dkt. 62.  According to UT, the Court should stay all discovery and the setting of a discovery schedule until UT's Motion to Dismiss is fully and finally resolved.  Once UT's Motion to Dismiss is fully and finally resolved, including any appeal by UT under the collateral order doctrine, the parties have agreed to cooperate to prepare a discovery plan.

**(iv) Rule 26(f)(3)(D) – Any issues relating to claims of privilege or of protection as trial-preparation material, including—if the parties agree on a procedure to assert such claims after production—whether to ask the court to include their agreement in an order.**

Gensetix's and Defendants' Statement:

Gensetix and Defendants intend to cooperate regarding the entry of a mutually agreeable protective order governing confidential and other sensitive information.

UT's Statement:

UT is immune from suit as set forth in UT's Motion to Dismiss, Dkt. 62.  According to UT, the Court should stay all discovery and the setting of a discovery schedule until UT's Motion to Dismiss is fully and finally resolved.  Once UT's Motion to Dismiss is fully and finally resolved, including any appeal by UT under the collateral order doctrine, the parties have agreed to cooperate to prepare a discovery plan.

**(v) Rule 26(f)(3)(E) – What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed.**

Gensetix's and Defendants' Statement:

To Gensetix's and Defendants' knowledge, none at this time.

<u>UT's Statement:</u>

UT is immune from suit as set forth in UT's Motion to Dismiss, Dkt. 62. According to UT, the Court should stay all discovery and the setting of a discovery schedule until UT's Motion to Dismiss is fully and finally resolved. Once UT's Motion to Dismiss is fully and finally resolved, including any appeal by UT under the collateral order doctrine, the parties have agreed to cooperate to prepare a discovery plan.

> **(vi) Rule 26(f)(3)(F) – Any other orders that should be entered by the court under Rule 26(c) or under Rule 16(b) and (c).**

<u>Gensetix's and Defendants' Statement:</u>

To Gensetix's and Defendants' knowledge, none at this time.

<u>UT's Statement:</u>

UT is immune from suit as set forth in UT's Motion to Dismiss, Dkt. 62. According to UT, the Court should stay all discovery and the setting of a discovery schedule until UT's Motion to Dismiss is fully and finally resolved. Once UT's Motion to Dismiss is fully and finally resolved, including any appeal by UT under the collateral order doctrine, the parties have agreed to cooperate to prepare a discovery plan.

**B. When and to whom the plaintiff anticipates it may send interrogatories.**

<u>Gensetix's Statement:</u>

Gensetix anticipates sending interrogatories to Defendants BCM, Diakonos, Dr. Decker, and Involuntary Plaintiff UT within the discovery period set forth in the agreed scheduling order and/or as may be determined by the Court. Gensetix anticipates that it will send interrogatories within 45 days of the Scheduling Conference, but no later than 30 days before the discovery deadline.

UT's Statement:

UT is immune from suit as set forth in UT's Motion to Dismiss, Dkt. 62.  According to UT, the Court should stay all discovery and the setting of a discovery schedule until UT's Motion to Dismiss is fully and finally resolved.  Once UT's Motion to Dismiss is fully and finally resolved, including any appeal by UT under the collateral order doctrine, the parties have agreed to cooperate to prepare a discovery plan.

**C.  When and to whom the defendant anticipates it may send interrogatories.**

If the Court denies their motions to dismiss, then Defendants anticipate sending interrogatories to Gensetix and Involuntary Plaintiff UT within the discovery period set forth in the agreed scheduling order and/or as may be determined by the Court.  If the Court does not stay discovery and instead issues a scheduling order, then Defendants anticipate that they will send interrogatories within 45 days of the Scheduling Conference, but no later than 30 days before the discovery deadline.

**D.  Of whom and by when the plaintiff anticipates taking oral depositions.**

Gensetix's Statement:

Gensetix anticipates taking oral depositions of Defendants, Defendants' employees and/or former employees, UT, UT's employees and/or former employees, and any third parties who have knowledge regarding the facts at issue in this case, within the discovery period.

UT's Statement:

UT is immune from suit as set forth in UT's Motion to Dismiss, Dkt. 62.  According to UT, the Court should stay all discovery and the setting of a discovery schedule until UT's Motion to Dismiss is fully and finally resolved.  Once UT's Motion to Dismiss is fully and

finally resolved, including any appeal by UT under the collateral order doctrine, the parties have agreed to cooperate to prepare a discovery plan.

**E.  Of whom and by when the defendant anticipates taking oral depositions.**

<u>Defendants' Statement</u>

If the Court denies their motions to dismiss, then Defendants anticipate taking oral depositions of Gensetix, Gensetix's employees and/or former employees, Involuntary Plaintiff UT, and any third parties who have knowledge regarding the facts at issue in this case, within the discovery period.

**F.  List expert depositions the plaintiff anticipates taking and their anticipated completion date.  See Rule 26(a)(2)(B) (expert report).**

<u>Gensetix's Statement:</u>

Gensetix anticipates taking the deposition of any expert proffered by Defendants by the date listed in the Scheduling Order (July 1, 2019).

<u>UT's Statement:</u>

UT is immune from suit as set forth in UT's Motion to Dismiss, Dkt. 62.  According to UT, the Court should stay all discovery and the setting of a discovery schedule until UT's Motion to Dismiss is fully and finally resolved.  Once UT's Motion to Dismiss is fully and finally resolved, including any appeal by UT under the collateral order doctrine, the parties have agreed to cooperate to prepare a discovery plan.

**G.  List expert depositions the defendant anticipates taking and their anticipated completion date.  See Rule 26(a)(2)(B) (expert report).**

Defendants' Statement:

If the Court denies their motions to dismiss, Defendants anticipate taking the deposition of any expert proffered by Gensetix and Involuntary Plaintiff UT by the date listed in the Scheduling Order.

**10. If the parties are not agreed on a part of the discovery plan, describe the separate view and proposals of each party.**

Defendants' Statement

As described above, Defendants will require discovery from Involuntary Plaintiff UT.  If discovery is stayed only with respect to UT until its motion to dismiss is finally resolved, and discovery proceeds with respect to the claims against Defendants, Defendants will be materially prejudiced by being precluded from taking discovery from UT.  Moreover, Defendant Dr. Decker has requested a stay of all discovery pending a ruling on his Motion to Dismiss Pursuant to the Texas Citizens' Participation Act (Dkt. 35).  *See* TEX. CIV. PRAC. & REM. CODE § 27.003(c). Defendant BCM has joined in Dr. Decker's request.  Given the potential impact of Dr. Decker's TCPA motion to dismiss, as well as the other pending motions to dismiss, on the nature and continued viability of this case, Defendants are of the position that discovery should be stayed pending the resolution of all pending motions to dismiss.

Gensetix's Statement

Gensetix agrees that a stay of discovery is warranted for discovery to be propounded against UT, who Gensetix believes is not a necessary party in this case.  Gensetix opposes a stay for discovery.  The TCPA's discovery stay does not apply in federal court, the Federal Rules of

Civil Procedure do not prohibit discovery while motions to dismiss are pending, and the first Complaint in this case was filed about a year ago, on April 3, 2017.

UT's Statement

UT does not agree it is required to make initial disclosures or otherwise participate in discovery because it is immune from suit based on sovereign immunity as presented in its Motion to Dismiss, Dkt. 62. According to UT, the Court should stay all discovery and the setting of a discovery schedule until UT's Motion to Dismiss is fully and finally resolved, including any appeal by UT under the collateral order doctrine.

UT argues that it would be judicially inefficient to start discovery for some parties, but not others, and therefore, a stay of all discovery is appropriate. *See Bickford v. Boerne Independent School District.*, 5:15-CV-1146-DAE, 2016 WL 1430063, at *2 (W.D. Tex. Apr. 8, 2016) ("When balancing the harm produced by a temporary stay against the harm that could result if BISD is found to be immune from the instant suit, this Court finds that a temporary stay is appropriate."); *see also Williamson v. U.S. Dept. of Agriculture*, 815 F.2d 368, 382–83 (5th Cir. 1987) ("The district court acted properly in staying discovery in this case pending resolution of the immunity issues."); *Ramirez v. Abreo,* 2010 WL 11565430, at *5 (N.D. Tex. Jan. 20, 2010) ("[T]he Court stayed the case and vacated all deadlines contained in the Court's initial scheduling order and in the Court's October 6 order addressing motions for qualified immunity until the Court resolved the pending motions to dismiss.").

In the alternative, UT asserts that a temporary stay of all discovery with respect to UT alone is proper until UT's Motion to Dismiss is fully and finally resolved, including any appeal by UT under the collateral order doctrine.

Other than whether a stay of discovery is warranted, Gensetix and Defendants are in agreement regarding the discovery plan.

**11. Specify the discovery beyond initial disclosures that has been undertaken to date.**

Certain documents referenced in the First Amended Complaint have been provided by Gensetix.

**12. State the date the planned discovery can reasonably be completed.**

Gensetix's Statement:

Gensetix expects discovery can reasonably be completed by July 1, 2019. For detailed description, see Gensetix's Proposed Scheduling Order, attached as Exhibit A.

UT's Statement:

UT is immune from suit as set forth in UT's Motion to Dismiss, Dkt. 62. According to UT, the Court should stay all discovery and the setting of a discovery schedule until UT's Motion to Dismiss is fully and finally resolved. Once UT's Motion to Dismiss is fully and finally resolved, including any appeal by UT under the collateral order doctrine, the parties have agreed to cooperate to prepare a discovery plan.

Defendants' Statement:

If the Court does not stay discovery and instead issues a scheduling order, then Defendants expect discovery can reasonably be completed by July 1, 2019, with the caveat that the deadlines set forth in Gensetix's Proposed Scheduling Order, attached as Exhibit A, may need to be adjusted depending on when the dispositive issue of whether Gensetix can proceed with its patent infringement claims (and, thus, whether this lawsuit can proceed) without UT is resolved.

**13. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

Gensetix's and Defendants' Statement:

Gensetix and Defendants have not yet engaged in settlement discussions.  Other than UT, the parties remain open to future efforts and discussions for resolution of the case, including mediation before an agreed mediator.

UT's Statement:

UT is immune from suit as set forth in UT's Motion to Dismiss, Dkt. 62.  Accordingly, UT does not expect to be a party to a mediation or settlement of the case.

**14. Describe what each party has done or agreed to do to bring about a prompt resolution.**

Gensetix's and Defendants' Statement:

Gensetix and Defendants have not yet engaged in formal settlement discussions, but have agreed to do so by one month after any *Markman* resolution.

UT's Statement:

UT is immune from suit as set forth in UT's Motion to Dismiss, Dkt. 62.  Accordingly, UT does not expect to be a party to a mediation or settlement of the case.

**15. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable.**

Other than UT, the parties believe that mediation is a reasonably suitable alternative dispute resolution technique.  The Parties, other than UT, anticipate that they will discuss the possibility of resolution, including possible mediation, after the Court rules on Defendants' motions to dismiss and initial discovery has been completed.

UT takes the position that it is immune from suit as set forth in UT's Motion to Dismiss, Dkt. 62.  Accordingly, UT does not expect to be a party to a mediation or settlement of the case.

16

**16. Magistrate judges may now hear jury and non−jury trials.  Indicate the parties' joint position on a trial before a magistrate judge.**

At this time, the parties do not consent to trial before a magistrate judge.

**17. State whether a jury demand has been made and if it was made on time.**

Gensetix made a timely jury demand.

**18. Specify the number of hours it will take to present the evidence in this case.**

Gensetix's and Defendants' Statement:

It is difficult to estimate or determine the number of hours it will take for each side to present evidence in this case at this time.  However, the parties anticipate that a reasonable range would be approximately 40-80 hours, depending on which claims remain for trial.

UT's Statement:

UT has no basis to anticipate the length of any trial, and suggests this prediction be delayed until the discovery plan is completed after UT's Motion to Dismiss is fully and finally resolved, including any appeal by UT under the collateral order doctrine.

**19. List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

The only pending motions are dispositive motions, and so none are pending for resolution at the initial scheduling conference.

**20. List other motions pending.**

The following motions and related briefing are pending before this Court:

- Defendant BCM's Motion to Dismiss Plaintiff Gensetix's First Amended Complaint (Dkt. 36, filed July 21, 2017).
- Defendant Dr. Decker's Motion to Dismiss Plaintiff Gensetix's First Amended Complaint (Dkt. 34, filed July 21, 2017).
- Defendant Dr. Decker's Motion to Dismiss pursuant to the Texas Citizens' Participation Act (Dkt. 35, filed July 21, 2017).
- Defendant Diakonos's Motion to Dismiss Gensetix, Inc.'s First Amended Complaint (Dkt. 55, filed September 29, 2017).

- Involuntary Plaintiff The Board of Regents of the University of Texas System's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) (Dkt. 62, filed November 6, 2017).

UT's Statement:

UT's Motion to Dismiss is fully briefed and pending for resolution.

If any of the parties attempt to conduct or compel discovery on UT before full and final resolution of UT's Motion to Dismiss, including any appeal under the collateral order doctrine, UT will file a Motion for Protective Order based on the pending UT Motion to Dismiss as the law supports such a temporary stay. *See Bickford v. Boerne Independent School District.*, 5:15-CV-1146-DAE, 2016 WL 1430063, at *2 (W.D. Tex. Apr. 8, 2016) ("When balancing the harm produced by a temporary stay against the harm that could result if BISD is found to be immune from the instant suit, this Court finds that a temporary stay is appropriate.*); see also Williamson v. U.S. Dept. of Agriculture*, 815 F.2d 368, 382–83 (5th Cir. 1987) ("The district court acted properly in staying discovery in this case pending resolution of the immunity issues."); *Ramirez v. Abreo*, 2010 WL 11565430, at *5 (N.D. Tex. Jan. 20, 2010) ("[T]he Court stayed the case and vacated all deadlines contained in the Court's initial scheduling order and in the Court's October 6 order addressing motions for qualified immunity until the Court resolved the pending motions to dismiss.").

Defendants' Statement:

Defendants' motions to dismiss are fully briefed and pending for resolution.

As described above, if discovery is stayed only with respect to UT until its motion to dismiss is finally resolved, and discovery proceeds with respect to the claims against Defendants, Defendants will be materially prejudiced by being precluded from taking discovery from UT. Accordingly, Defendants intend to join in the Motion for Protective Order filed by UT if

discovery is not stayed pending resolution of the dispositive issue of whether Gensetix can

proceed with its patent infringement claims (and, thus, whether this lawsuit can proceed) without

UT.

**21. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.**

See response to item 10 above.

UT's Statement:

UT is immune from suit as set forth in UT's Motion to Dismiss, Dkt. 62.  As explained

above, UT's Motion to Dismiss should be the basis for delaying the entry of the Scheduling

Order and the beginning of discovery, including the initial disclosures until UT's Motion to

Dismiss is fully and finally resolved, including any appeal by UT under on the collateral order

doctrine.

See also the following issues, which fall within the matters to be discussed under the

Local Patent Rules:

**A.  Local Patent Rule 2-1(a) Disclosures**

**(1) any proposed modification of the schedule provided in the Scheduling Order Template, which is available at the District's website;**

See response to item 9 above.

UT's Statement:

All discovery, disclosure, pleading, briefing, expert, costs of any special master or court-

appointed expert,  pre-trial order obligations referenced in any Scheduling Order as applicable to

"Plaintiff" shall not apply to involuntary plaintiff, The Board of Regents of the University of

Texas System.

**(2) a plan for completing electronic discovery;**

See response to item 9(a)(iii) above.

> **(3) the need for presenting technical tutorials to the presiding judge and the mode for such presentations (i.e., live testimony, video presentations) at or before the claim construction hearing;**

<u>Gensetix's Statement:</u>

Gensetix does not expect a need for claim construction.  However, should a claim construction hearing be necessary, Gensetix anticipates the presentation of a technical tutorial by PowerPoint at the claim construction hearing.

<u>UT's Statement:</u>

UT contends that the Court lacks subject matter jurisdiction over UT because UT is a sovereign state entity under Texas law and under the Eleventh Amendment to the U.S. Constitution.  This is addressed in UT's Motion to Dismiss (Dkt. 62).

<u>Defendants' Statement:</u>

Defendants expect that some claim construction will be required in this case, and believe that a technical tutorial may be helpful to the Court in understanding the relevant technology. Defendants would present such a tutorial at the claim construction hearing or submit it in advance as a video presentation, depending on the Court's preference.

> **(4) any deviations from and additions to the form protective order (available at the District's website);**

<u>Gensetix's and Defendants' Statement:</u>

The parties expect that the parties will be able to agree on a suitable protective order similar to the form protective order.

UT's Statement:

UT contends that the Court lacks subject matter jurisdiction over UT because UT is a sovereign state entity under Texas law and under the Eleventh Amendment to the U.S. Constitution.  This is addressed in UT's Motion to Dismiss (Dkt. 62).

**(5) whether any party desires to present live testimony at the claim construction hearing;**

Gensetix's Statement:

Gensetix does not expect a need for claim construction.  However, should a claim construction hearing be necessary, Gensetix does not anticipate the presentation of live testimony at this time.

UT's Statement:

UT contends that the Court lacks subject matter jurisdiction over UT because UT is a sovereign state entity under Texas law and under the Eleventh Amendment to the U.S. Constitution.  This is addressed in UT's Motion to Dismiss (Dkt. 62).

Defendants' Statement:

Defendants expect that some claim construction will be required in this case, although does not currently anticipate the need for any live testimony at the claim construction hearing.

**(6) the need for and any specific limits on discovery relating to claim construction, including depositions of fact and expert witnesses;**

Gensetix's Statement:

Gensetix does not expect a need for claim construction.  However, should a claim construction hearing be necessary, Gensetix does not anticipate the need for specific claim construction discovery limits.

UT's Statement:

UT contends that the Court lacks subject matter jurisdiction over UT because UT is a sovereign state entity under Texas law and under the Eleventh Amendment to the U.S. Constitution.  This is addressed in UT's Motion to Dismiss (Dkt. 62).

Defendants' Statement:

Defendants expect that some claim construction will be required in this case.  Should any discovery relating to claim construction be necessary, Defendants expect that it would consist of document production and depositions of experts, which would be subject to the same limitations as under the Federal Rules of Civil Procedure.  Defendants do not anticipate the need for additional limits.

**(7) the order of presentation at the claim construction hearing;**

Gensetix's Statement:

Gensetix does not expect a need for claim construction.  However, should a claim construction hearing be necessary, Gensetix proposes that the Court hear argument on a term-by-term basis.

UT's Statement:

UT contends that the Court lacks subject matter jurisdiction over UT because UT is a sovereign state entity under Texas law and under the Eleventh Amendment to the U.S. Constitution.  This is addressed in UT's Motion to Dismiss (Dkt. 62).

Defendants' Statement:

Defendants expect that some claim construction will be required in this case.  Defendants would also propose that the Court hear argument on a term-by-term basis.

**(8) the scheduling of a claim construction prehearing conference after the "Joint Claim Construction and Prehearing Statement" provided in P.R. 4-3 has been filed; and**

See proposed scheduling order.

UT's Statement

UT contends that the Court lacks subject matter jurisdiction over UT because UT is a sovereign state entity under Texas law and under the Eleventh Amendment to the U.S. Constitution.  This is addressed in UT's Motion to Dismiss (Dkt. 62).

**(9) whether the presiding judge should authorize the filing under seal of any documents containing confidential information.**

The parties believe that, where appropriate, the presiding judge should authorize the filing under seal of any documents containing confidential information.

**B.  Local Patent Rule 2-1(b) Request**

Gensetix's Statement:

Gensetix accuses Defendants of infringing U.S. Patent Nos. 8,728,806 and 9,333,248 based on Decker's research while employed by the Baylor College of Medicine and in connection with Diakonos Research, Ltd.  The infringing research is reflected in at least the following documents: WO 2016/179475; WO 2016/179001; W. Decker et al., Autologous Dendritic Cell Vaccine to Combat Brain Tumors in Dogs and Mice, 15 Neuro Oncol. (2013), iii68-iii74, IT-002; W. Decker et al., Autologous Dendritic Cell Vaccine to Combat Brain Tumors in Mice and Canines, 16 Neuro Oncol. (June 2014), i137-i145, TB-009; and J. Jimenez, Discovery of CTLA-4 in dendritic cells opens new possibilities to fight cancer, Baylor College of Medicine website (April 4, 2016).  However, to the extent Defendants contend additional identification at this early stage for the purposes of identifying the Accused Instrumentality in its preliminary infringement contentions is required by Local Patent Rule 3-1, Gensetix respectfully

states that it in good faith lacks sufficient information concerning Defendants' products or processes, and thus seeks an order under Local Patent Rule 2-1 requiring Defendants to identify with particularity all distinct research programs involving dendritic cell manipulation from 2011 to present in which they were personally involved, as well as information sufficient to determine whether each separate research program infringes, within 21 days.

UT's Statement:

UT contends that the Court lacks subject matter jurisdiction over UT because UT is a sovereign state entity under Texas law and under the Eleventh Amendment to the U.S. Constitution.  This is addressed in UT's Motion to Dismiss (Dkt. 62).

Defendants' Statement:

Defendants will re-consider this issue once Gensetix has provided its Preliminary Infringement Contentions as required by Local Patent Rule 3-1.  However, Defendants disagree that Gensetix would be entitled to the information in its request for a number of reasons.  In particular, Gensetix's request that Defendants produce an identification of "all distinct research programs involving dendritic cell manipulation from 2011 to present in which they were personally involved" is overbroad and unduly burdensome at least since it purports to include: information about research projects that is not within Defendants' possession, custody or control; information that is unrelated to Defendants' alleged infringement in this case; and a significant volume of material that would be difficult if not impossible for Defendants to collect in 21 days. Finally, certain of the requested information may be subject to various privileges, confidentiality obligations, and privacy protections that protect it from discovery.

**22. List the names, bar numbers, addresses, and telephone numbers of all counsel.**

Attorneys for Gensetix, Inc.:

Sarah E. Spires
*Attorney in Charge*
Texas Bar No. 24083860
S.D. Tex. Bar No. 3048935
SKIERMONT DERBY LLP
1601 Elm Street, Suite 4400
Dallas, Texas 75201
(214) 978-6600 (telephone)
(214) 978-6601 (fax)
sspires@skiermontderby.com

Paul J. Skiermont
Texas Bar No. 24033073
SKIERMONT DERBY LLP
1601 Elm Street, Suite 4400
Dallas, Texas 75201
(214) 978-6600 (telephone)
(214) 978-6601 (fax)
pskiermont@skiermontderby.com

Donald Kreger
SCHIFF HARDIN LLP
233 South Wacker Drive, Suite 6600
Chicago, Illinois 60606
(312) 258-5500 (telephone)
(312) 258-5600 (fax)
dkreger@schiffhardin.com

Imron Aly
SCHIFF HARDIN LLP
233 South Wacker Drive, Suite 6600
Chicago, Illinois 60606
(312) 258-5500 (telephone)
(312) 258-5600 (fax)
ialy@schiffhardin.com

Christopher Bruno
SCHIFF HARDIN LLP
901 K Street NW
Washington, DC 20001
(202) 724-6838 (telephone)
(202) 778-6460 (fax)
cbruno@schiffhardin.com

Attorneys for Involuntary Plaintiff The Board of Regents of the University of Texas
System:

Peter E. Mims
*Attorney-In-Charge*
State Bar No. 14173275
S.D. Tex. Federal I.D. No. 6746
VINSON & ELKINS L.L.P.
1001 Fannin Street, Suite 2500
Houston, TX 77002-6760
(713) 758-2732 (telephone)
(713) 615-5703 (fax)
pmims@velaw.com

Olin (Trey) Ray Hebert, III
State Bar No. 24097819
VINSON & ELKINS L.L.P.
2801 Via Fortuna, Suite 100
Austin, TX 78746
(512) 542-8400 (telephone)
(512) 542-8610 (fax)
thebert@velaw.com

Attorneys for Defendant Baylor College of Medicine:

Paul R. Morico
*Attorney-In-Charge*
Texas Bar No. 00792053
BAKER BOTTS L.L.P.
One Shell Plaza
910 Louisiana Street
Houston, Texas 77002
(713) 229-1732 (telephone)
(713) 229-7732 (fax)
paul.morico@bakerbotts.com

Of Counsel:

Elizabeth D. Flannery
Texas Bar No. 24045815
BAKER BOTTS L.L.P.
One Shell Plaza
910 Louisiana St.
Houston, TX 77002
(713) 229-1234 (telephone)
(713) 229-7732 (fax)
liz.flannery@bakerbotts.com

Amy Pharr Hefley
Texas Bar No. 24046046
BAKER BOTTS L.L.P.
One Shell Plaza
910 Louisiana St.
Houston, TX 77002
(713) 229-1234 (telephone)
(713) 229-7732 (fax)
amy.hefley@bakerbotts.com

Lindsay Volpenhein
Texas Bar No. 24093305
BAKER BOTTS L.L.P.
One Shell Plaza
910 Louisiana St.
Houston, TX 77002
(713) 229-1234 (telephone)
(713) 229-7732 (fax)
lindsay.volpenhein@bakerbotts.com

Jeff Gritton
Texas Bar No. 24074321
BAKER BOTTS L.L.P.
98 San Jacinto Blvd, Suite 1500
Austin, Texas 78701
(512) 322-2624 (telephone)
(512) 322-2501 (fax)
jeff.gritton@bakerbotts.com

Attorneys for Defendant William K. Decker:

Murray Fogler
*Attorney-In-Charge*
Federal ID No. 2003
State Bar No. 07207300
909 Fannin, Suite 1640
2 Houston Center
Houston, Texas 77010
(713) 481-1010 (telephone)
(713) 574-3224 (fax)
mfogler@fbfog.com

Of Counsel:

Robin O'Neil
State Bar No. 24079075

S.D. Tex. No. 1618035
FOGLER, BRAR, FORD,
O'NEIL & GRAY, LLP
909 Fannin, Suite 1640
2 Houston Center
Houston, Texas 77010
(713) 481-1010 (telephone)
(713) 574-3224 (fax)
roneil@fbfog.com

Attorneys for Defendant Diakonos Research, Ltd.:

Gordon T. Arnold
*Attorney-In-Charge*
State Bar No. 1342410
ARNOLD & SAUNDERS, LLP
4900 Woodway, Suite 900
Houston, Texas 77056
(713) 972-1150 (telephone)
(713) 972-1180 (fax)
garnold@arnold-law.com

Jason A. Saunders
State Bar No. 24042406
ARNOLD & SAUNDERS, LLP
4900 Woodway, Suite 900
Houston, Texas 77056
(713) 972-1150 (telephone)
(713) 972-1180 (fax)
jsaunders@arnold-iplaw.com

Christopher P. McKeon
State Bar No. 24068904
ARNOLD & SAUNDERS, LLP
4900 Woodway, Suite 900
Houston, Texas 77056
(713) 972-1150 (telephone)
(713) 972-1180 (fax)
cmckeon@arnold-iplaw.com

[signature block on following page]

28

Date:  April 7, 2018

Respectfully submitted:

*/s/ Peter E. Mims*

*/s/ Sarah E. Spires*

Peter E. Mims
*Attorney-In-Charge*
State Bar No. 14173275
S.D. Tex. Federal I.D. No. 6746
VINSON & ELKINS L.L.P.
1001 Fannin Street, Suite 2500
Houston, TX 77002-6760
(713) 758-2732 (telephone)
(713) 615-5703 (fax)
pmims@velaw.com

Olin (Trey) Ray Hebert, III
State Bar No. 24097819
VINSON & ELKINS L.L.P.
2801 Via Fortuna, Suite 100
Austin, TX 78746
(512) 542-8400 (telephone)
(512) 542-8610 (fax)
thebert@velaw.com

*Attorneys for Involuntary Plaintiff The
Board of Regents of the University of Texas
System*

Sarah E. Spires
*Attorney-In-Charge*
Texas Bar No. 24083860
S.D. Tex. Bar No. 3048935
Paul J. Skiermont
Texas Bar No. 24033073
SKIERMONT DERBY LLP
2200 Ross Avenue, Suite 4800W
Dallas, Texas 75201
(214) 978-6600 (telephone)
(214) 978-6601 (facsimile)
pskiermont@skiermontderby.com
sspires@skiermontderby.com

Donald Kreger (admitted pro hac vice)
Imron Aly (admitted pro hac vice)
SCHIFF HARDIN LLP
233 South Wacker Drive, Suite 6600
Chicago, Illinois 60606
(312) 258-5500 (telephone)
(312) 258-5600 (facsimile)
dkreger@schiffhardin.com
ialy@schiffhardin.com

Christopher Bruno (admitted pro hac vice)
SCHIFF HARDIN LLP
901 K Street NW
Washington, DC 20001
(202) 724-6838 (phone)
(202) 778-6460 (fax)
cbruno@schiffhardin.com
*Attorneys for Gensetix, Inc.*

*/s/ Paul R. Morico*
Paul R. Morico
*Attorney-In-Charge*
Texas Bar No. 00792053
BAKER BOTTS L.L.P.
One Shell Plaza
910 Louisiana Street
Houston, Texas 77002
(713) 229-1732 (telephone)
(713) 229-7732 (fax)
paul.morico@bakerbotts.com
*Attorneys for Defendant Baylor College of Medicine*

Of Counsel:

Elizabeth D. Flannery
Texas Bar No. 24045815
BAKER BOTTS L.L.P.
One Shell Plaza
910 Louisiana St.
Houston, TX 77002
(713) 229-1234 (telephone)
(713) 229-7732 (fax)
liz.flannery@bakerbotts.com

Amy Pharr Hefley
Texas Bar No. 24046046
BAKER BOTTS L.L.P.
One Shell Plaza
910 Louisiana St.
Houston, TX 77002
(713) 229-1234 (telephone)
(713) 229-7732 (fax)
amy.hefley@bakerbotts.com

Lindsay Volpenhein
Texas Bar No. 24093305
BAKER BOTTS L.L.P.
One Shell Plaza
910 Louisiana St.
Houston, TX 77002
(713) 229-1234 (telephone)
(713) 229-7732 (fax)
lindsay.volpenhein@bakerbotts.com

Jeff Gritton
Texas Bar No. 24074321
BAKER BOTTS L.L.P.
98 San Jacinto Blvd, Suite 1500
Austin, Texas 78701
(512) 322-2624 (telephone)
(512) 322-2501 (fax)
jeff.gritton@bakerbotts.com

*/s/ Murray Fogler*
Murray Fogler
*Attorney-In-Charge*
Federal ID No. 2003
State Bar No. 07207300
909 Fannin, Suite 1640
2 Houston Center
Houston, Texas 77010
(713) 481-1010 (telephone)
(713) 574-3224 (fax)
mfogler@fbfog.com

Of Counsel:

Robin O'Neil
State Bar No. 24079075
S.D. Tex. No. 1618035
FOGLER, BRAR, FORD,
O'NEIL & GRAY, LLP
909 Fannin, Suite 1640
2 Houston Center
Houston, Texas 77010
(713) 481-1010 (telephone)
(713) 574-3224 (fax)
roneil@fbfog.com
*Attorneys for Defendant William K. Decker*

*/s/ Gordon T. Arnold*
Gordon T. Arnold
*Attorney-In-Charge*
State Bar No. 1342410
ARNOLD & SAUNDERS, LLP
4900 Woodway, Suite 900
Houston, Texas 77056
(713) 972-1150 (telephone)
(713) 972-1180 (fax)
garnold@arnold-law.com

Of Counsel:

Jason A. Saunders
State Bar No. 24042406
ARNOLD & SAUNDERS, LLP
4900 Woodway, Suite 900
Houston, Texas 77056
(713) 972-1150 (telephone)
(713) 972-1180 (fax)
jsaunders@arnold-iplaw.com

Christopher P. McKeon
State Bar No. 24068904
ARNOLD & SAUNDERS, LLP
4900 Woodway, Suite 900
Houston, Texas 77056
(713) 972-1150 (telephone)
(713) 972-1180 (fax)
cmckeon@arnold-iplaw.com
*Attorneys for Defendant Diakonos Research, Ltd.*

## <u>CERTIFICATE OF SERVICE</u>

On April 7, 2018, I electronically submitted the foregoing document with the clerk of the court for the U.S. District Court, Southern District of Texas, using the electronic case filing system of the court.  I hereby certify that I have served all counsel and/or pro se parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

*/s/ Sarah E. Spires*

Sarah E. Spires
